## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 7 |
| OLD LW, LLC, | Case No. 23-[_____] ( ) |
| Debtor. | |
| In re | Chapter 7 |
| USN EXPORT LLC, | Case No. 23-[_____] ( ) |
| Debtor. | |
| In re | Chapter 7 |
| OLD LW SHIPPER, LLC, | Case No. 23-[_____] ( ) |
| Debtor. | |
| In re | Chapter 7 |
| OLD LW CHICAGO, LLC, | Case No. 23-[_____] ( ) |
| Debtor. | |
| In re | Chapter 7 |
| U.S. NONWOVENS, INC., | Case No. 23-[_____] ( ) |
| Debtor. | |

| | |
|---|---|
| In re<br><br>OLD LW INTERMEDIATE, LLC,<br><br>                            Debtor. | Chapter 7<br><br>Case No. 23-[_____] ( ) |

## GLOBAL NOTES REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

On June 12, 2023, (the "Petition Date"), Old LW, LLC (the "Debtor") filed its voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing the above-captioned chapter 7 case (the "Chapter 7 Case").

The Debtor has filed its Schedules of Assets and Liabilities (collectively, the "Schedules") and Statement of Financial Affairs (the "Statement" and, collectively with the Schedules, the "Schedules and Statement") with the Court. The Debtor, with the assistance of its legal and financial advisors, prepared the Schedules and Statement in accordance with section 521 of the Bankruptcy Code, Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Rule 1007–1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

These *Global Notes Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statement. The Global Notes should be referred to and considered in connection with any review of the Schedules and Statement.[1]

The Schedules and Statement have been prepared by the Debtor with support from the Debtor's professionals. In preparing the Schedules and Statement, the Debtor relied on financial data derived from its books and records. The Debtor has made reasonable efforts to ensure that the Schedules and Statement are accurate and complete based on information known to it at the time of preparation after reasonable inquiries. The Schedules and Statement are unaudited and subject to potential adjustment.

Robert Gorin ("Mr. Gorin"), Chief Restructuring Officer of the Debtor and a duly authorized representative in this Chapter 7 Case, has signed the Schedules and Statement. Mr. Gorin is an authorized signatory for the Debtor. In reviewing and signing the Schedules and Statement, Mr. Gorin has necessarily relied upon the efforts, statements, advice, and representations of the Debtor's management and the Debtor's advisors. Mr. Gorin has not (and

---

[1] These Global Notes supplement and are in addition to any specific notes contained herein.

could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statement, including statements and representations concerning amounts owed to creditors.

## Debtor Affiliates and Financial Reporting

On June 12, 2023, certain of the Debtor's affiliated subsidiaries, including the above-captioned entities (collectively, and together with their non-debtor affiliates, the "Company"), also filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code. Historically, the Company's books and records have been maintained on a consolidated basis. The Company, however, with the assistance of its advisors, has made a reasonable effort to separate the Company's transactions so that they can be reflected on an entity-by-entity basis and therefore included in the appropriate Schedules and Statement for the respective debtor entity.

## Global Notes and Overview of Methodology

1. **Reporting Date.** Except where otherwise noted, the information provided herein is presented as of December 31, 2022.

2. **Basis of Presentation.** The financial information disclosed herein is unaudited. The Schedules and Statement do not purport to represent financial statements prepared in accordance with generally accepted accounting principles ("GAAP"), federal or state securities laws or other applicable non-bankruptcy standards, principles, or law, nor are they intended to fully reconcile to the financial statements prepared by the Debtor. Information contained in the Schedules and Statement has been derived from the Debtor's books and records and historical financial statements.

3. **Reservations and Limitations.** Nothing contained in the Schedules and Statement or these Global Notes shall constitute a waiver of any of the Debtor's rights or an admission with respect to the Chapter 7 Case including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of the Bankruptcy Code and/or causes of action arising under the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

## General Disclosures Applicable to Schedules and Statement

1. **Causes of Action.** Despite reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action as assets in its Schedules and Statement, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.

2. **Recharacterization.** Notwithstanding the Debtor's reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statement, the Debtor may nevertheless have improperly characterized, classified, categorized, designated, or

3

omitted certain items due to the complexity and size of the Debtor's business.

3. **Claim Designations.** Schedules D, E, and F permit the Debtor to designate a claim as "contingent," "unliquidated," and/or "disputed." The Debtor reserves all of its rights to dispute, or to assert offsets or defenses to, any claim reflected on its Schedules or Statement on any grounds. Moreover, the Debtor reserves all of its rights to amend its Schedules and Statement to subsequently designate any claims as "contingent," "unliquidated," and/or "disputed."

4. **Unliquidated Claim Amounts.** Claim amounts that could not be readily quantified by the Debtor may be scheduled as "unliquidated."

5. **Undetermined Amounts.** The description of an amount as "undetermined" or "unknown" is not intended to reflect upon the materiality of such amount.

6. **Valuation.** It would be prohibitively expensive, unduly burdensome, and an inefficient use of the Debtor's limited resources to obtain current market valuations of all its assets. For these reasons, where applicable, the Debtor has indicated in the Schedules and Statement that the values of certain assets and liabilities are undetermined or unknown.

7. **Current Values.** Unless otherwise indicated, the Debtor's Schedules and Statement reflect net book values as of December 31, 2022. Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets.

   The amounts represented in the Schedules and Statement are totals of all known amounts. When necessary, the Debtor has indicated that the value of certain assets is "unknown." To the extent that any assets have been identified as having an "unknown" value, the actual total may be different from the total listed in the Schedules and Statement.

8. **Duplication.** Certain of the Debtor's assets, liabilities, and payments may properly be disclosed in response to multiple parts of the Schedules and Statement. To the extent these disclosures would be duplicative, the Debtor has determined to only list such assets, liabilities, and payments once.

9. **Executory Contracts.** The Debtor reserves all of its rights, claims, and causes of action with respect to the named parties of any and all executory contracts, including the right to amend and/or supplement Schedule G.

10. **Classifications.** Listing (i) a claim on (a) Schedule D as "secured," (b) Schedule E/F as "priority," or (c) Schedule E/F as "unsecured" or (ii) a contract or lease on Schedule G as "executory" or "unexpired," does not constitute a waiver of the Debtor's rights to re-characterize or reclassify such claims or contracts or to setoff such claims, as appropriate.

RLF1 28574087v.2

11. **Fiscal Year.** The Debtor's fiscal year ends on December 31.

12. **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

13. **Insiders.** For purposes of the Schedules and Statement, the Debtor defined "insiders" in accordance with section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtor; (d) relatives of the Debtor's directors, officers, or persons in control of the Debtor; and (e) debtor/non-debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and including them in the Schedules and Statement shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtor does not take any position with respect to: (i) any insider's influence over the control of the Debtor; (ii) the management responsibilities or functions of any such insider; (iii) the decision making or corporate authority of any such insider; or (iv) whether the Debtor or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

For the avoidance of doubt, the Debtor has listed "SJC DLF III, LLC, as Agent" as an insider of the Debtor for purposes of the Schedules and Statement out of an abundance of caution. Notwithstanding the Debtor listing SJC DLF III, LLC as an insider of the Debtor, the Debtor does not concede that SJC DLF III, LLC is an insider of the Debtor and the Debtor reserves all rights to dispute the insider status of SJC DLF III, LLC.

14. **Transactional Background.**

**2019 Secured Financing**. On August 16, 2019, Radienz Living, LLC (n/k/a Old LW, LLC[2]), New RL Intermediate, LLC (n/k/a Old LW Intermediate, LLC), USN Export LLC, USN Servicios, S.A.,[3] USN Mexico S. de R.L., Radienz Living Freightways, LLC (n/k/a Old LW Shipper, LLC), Radienz Living Chicago, LLC (n/k/a Old LW Chicago, LLC), and U.S. Nonwovens, Inc. (collectively for purposes of the transaction, the "Loan Parties") entered into that certain Financing Agreement (as amended, restated, supplemented or otherwise modified from time to time, the "Financing Agreement"), by and among the Loan Parties, the lenders from time to time party thereto (each a "Lender" and, collectively, the "Lenders"), SJC DLF IIIQ, LLC ("SJC"), as collateral agent for the Lenders (in such capacity, together with its successors and assigns in such capacity, the "Collateral Agent"), and SJC, as administrative agent for the Lenders (in such capacity, together with its successors and assigns in such capacity, the "Administrative Agent" and together with the Collateral Agent, each an "Agent" and, collectively, the "Agents"). Pursuant to the Financing Agreement, the Loan Parties were jointly and severally liable for the amount of the secured financing they received, which eventually exceeded $287,500,000.

---

[2] Old LW, LLC is referred to hereinafter as "Old LW."

[3] For the avoidance of doubt, USN Servicios, S.A. and USN Mexico S. de R.L. are not debtor entities.

Beginning in or about September 2021, events of default occurred and were continuing under the terms of the Financing Agreement, and the parties engaged in good faith negotiations with respect to a series of forbearance agreements and amendments to the Financing Agreement in order to afford the parties the opportunity to prepare and implement a financial and operational restructuring. In conjunction therewith, the parties entered into that certain Agreement Among Lenders, dated April 20, 2022, pursuant to which, among other things, the Loan Parties' prior sponsors (the "Sponsors") agreed, under certain circumstances, to transfer their equity interests in Old LW to the Agent or its designee, for the benefit of the Lenders (the "Agreement Among Lenders"). The intention of the Agreement Among Lenders was to allow the Agent and Lenders to effectuate a transfer of the ownership of the Loan Parties from the Sponsors to the Collateral Agent or its designee consistent with the rights the Agents and Lenders would otherwise have been entitled to exercise under the Loan Documents, the Uniform Commercial Code and other applicable law upon the occurrence and during the continuance of an Event of Default. The Agents, the Lenders, the Sponsors and the Loan Parties agreed to proceed in this manner to avoid the time, expense and adverse consequences to Loan Parties' businesses, operations, employees and customers that would likely have resulted from the filing of an insolvency proceeding.

**2022 Merger Agreement**.[4] The Sponsors and the Loan Parties were unable to prepare and implement a financial and operational restructuring of the Loan Parties. On July, 11, 2022, the Agents notified Old LW that an event of default occurred under the Financing Agreement. As a result, the Sponsors, the Agents and the Lenders agreed that, consistent with the terms of the Agreement Among Lenders and the Financing Agreement, it would be in the best interests of the Loan Parties, their creditors and other parties in interest (including employees, customers and vendors) for the Sponsors to facilitate an orderly and consensual transfer of the ownership of the Loan Parties to an entity designated by the Agent and Lenders. To that end, an acquisition structure was created to facilitate the transfer in ownership of the Loan Parties, which structure included the creation of Old LW Intermediate, LLC and its wholly-owned subsidiary, RL Merger Sub, LLC ("RL Merger Sub"). In addition, New SPS Parent, LLC ("New SPS Parent"), New SPS, LLC ("New SPS"), New SPS Pod, LLC ("New SPS Pod") and New SPS Crossfolds, LLC ("New SPS Crossfolds") were formed to accept the transfer of the assets and the assumption of liabilities associated with the unit dose and crossfolds businesses.

The transfer of ownership of the Loan Parties was effectuated pursuant to that certain Agreement and Plan of Merger, dated as of August 12, 2022, by and among RL Merger Sub, New RL Intermediate, LLC (the "Parent"), Old LW, and USN Intermediate Holdings, LLC (the "Merger Agreement"). On August 12, 2022, the transactions contemplated by the Merger Agreement were consummated. Pursuant to the terms of

---

[4] Capitalized terms used in this paragraph but not otherwise defined herein shall have the meanings ascribed to such terms in the Merger Agreement.

RLF1 28574087v.2

the Merger Agreement, upon consummation of the Merger, at the Effective Time and immediately following the SPS Participation Transfer, (a) RL Merger Sub was merged with and into Old LW, the separate limited liability company existence of RL Merger Sub ceased, Old LW continued as a wholly owned subsidiary of the Parent, and the Parent was admitted as the sole member of Old LW and (b) Old LW succeeded to all the property, assets, rights, privileges, powers and franchises and became subject to all the debts, liabilities, restrictions, disabilities and duties of RL Merger Sub.  Pursuant to the terms of the Merger Agreement, immediately prior to the Effective Time, beneficial ownership of the SPS Assets (i.e., assets, properties, and rights of the Loan Parties that are primarily used in connection with their unit dose and crossfolds businesses) was transferred to New SPS, and New SPS assumed the SPS Liabilities (such transfer and assumption, the "SPS Participation Transfer") with the intention for legal title to the SPS Assets and legal responsibility for the SPS Liabilities to be transferred to New SPS as soon as reasonably practicable after the consummation of the Merger.  In connection with the Merger Agreement and as partial consideration for the SPS Participation Transfer, New SPS executed and delivered (and agreed to cause all of its then existing and future direct and indirect subsidiaries to execute and deliver) a guarantee of all Obligations under the Financing Agreement.  The Effective Time of the Merger occurred on August 12, 2022 at 5:15 p.m. (eastern daylight time).

**2023 New SPS Assignment Transaction.**[5]  On January 1, 2023, (a) Old LW Intermediate, LLC, (b) Old LW and each of its direct and indirect subsidiaries (with Old LW Intermediate, the "Assignors"), (c) New SPS (collectively with Assignors, the "Parties"), and (d) SJC, in its capacity as Administrative Agent and Collateral Agent for the Lenders, entered into that certain Assignment and Assumption Agreement (the "New SPS Assumption and Assignment Agreement").  Pursuant to the New SPS Assumption and Assignment Agreement, the Parties desired to, among other things, (i) assign legal title to the SPS Assets and legal liability for the attendant liabilities to New SPS and its designees and to evidence New SPS' and its designees' assumption of legal title to the SPS Assets and legal liability for the attendant SPS liabilities, (ii) effectuate the assignment of certain other assets of the Assignors which constitute the Collateral (as defined in the Financing Agreement) of the Lenders to New SPS and its designees, (iii) provide for the assumption of additional liabilities of the Assignors by New SPS, and (iv) provide the Assignors with relief from certain obligations under the Financing Agreement due and owing to the Lenders.

In connection with the New SPS Assignment Transaction, New SPS, the Assignors (in their capacity as Loan Parties under the Financing Agreement), SJC, as Administrative Agent, Collateral agent, and the Lenders entered into that certain *Omnibus Amendment No. 9 to Financing Agreement and Loan Documents and Waiver* ("Amendment No. 9"), dated as of January 1, 2023, whereby New SPS Parent assumed Old LW's loan obligation of at least $287,500,000 under the Financing Agreement.  Additionally, under Amendment No. 9, the Assignor's guarantee of obligations under the Financing

---

[5] The transaction described in this paragraph is hereinafter referred to as the "New SPS Assignment Transaction."

Agreement was capped at $75,000,000 in the aggregate, thereby relieving the Assignors of at least $212,500,000 in loan obligations. As a result, New SPS Parent is now the "Borrower" under the Financing Agreement and liable for the $287,500,000 loan,[6] whereas the Assignors' obligations under the Financing Agreement were reduced to "Guarantors" with only the obligation of a $75,000,000 guarantee under the Financing Agreement.

**15. Additional Transactions.**

**Awesome Products Transaction.** On September 13, 2022, Old LW and Awesome Products, Inc. ("Awesome Products") entered into that certain asset purchase agreement, pursuant to which Old LW agreed to sell to Awesome Products assets relating to its liquids business, including, but not limited to, certain leased properties, inventory, fixtures, furniture and equipment, and intellectual property rights.

**Guy & O'Neill Transaction.** On October 31, 2022, Old LW and Guy & O'Neill, Inc. ("G&O") entered into that certain asset purchase agreement (the "G&O APA"), pursuant to which Old LW agreed to sell to G&O assets relating to its wipes business, including, but not limited to, equipment, inventory, and intellectual property rights.

<u>**Specific Schedules Disclosures**</u>

**1.     Specific Notes Regarding Schedule D**

While reasonable efforts have been made to ensure the accuracy of Schedule D, inadvertent errors or omissions may have occurred. Accordingly, the Debtor reserves all of its rights to amend or supplement such Schedule as necessary.

The Debtor reserves its rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D. Moreover, although the Debtor may have scheduled claims of various creditors as secured claims, the Debtor reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

---

[6] New SPS, New SPS Pod and New SPS Crossfolds are also obligors under the Financing Agreement and continue to remain obligated to repay the total amount of the loans that are outstanding.

2.        **Specific Notes Regarding Schedule E/F**

While reasonable efforts have been made to ensure the accuracy of Schedule E/F, inadvertent errors or omissions may have occurred. Accordingly, the Debtor reserves all of its rights to amend or supplement such Schedule as necessary.

The listing of any claims on Schedule E/F does not constitute an admission by the Debtor that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtor reserves all of its rights to dispute the amount and/or the priority status of any claim on any basis at any time. In an effort to identify, and resolve all tax or regulatory claims, the Debtor has listed all known historical tax and regulatory agencies to the best of its ability.

The claims listed in Schedule E/F allegedly arose or were allegedly incurred on various dates. In certain instances, ascertaining the date on which a claim arose is an open question of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor does not list a specific date for each claim listed on Schedule E/F.

Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

3.        **Specific Notes Regarding Schedule G**

While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtor hereby reserves all of its rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary. Furthermore, the Debtor reserves all of its rights, claims and causes of action with respect to the contracts and agreements listed on these Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument.

The presence or absence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The Debtor has included certain contracts and leases on Schedule G because the Debtor is the counterparty to such contract or lease; however, payments on account of obligations under any such contract or lease are made by debtor U.S. Nonwovens, Inc. in accordance with the Company's bookkeeping policy and

reflected as such in the Company's books and records.  Accordingly, potential claims or liabilities resulting from any contract or lease on the Debtor's Schedule G are listed on U.S. Nonwovens, Inc.'s Schedule E/F.

<u>**Specific Statement Disclosures**</u>

**Part 2, Question 3 - Certain Payments or Transfers to Creditors Within 90 Days Before Filing This Case**

Payments made to insiders within 90 days preceding the Chapter 7 Case were not included in Question 3 as they are reflected in Question 4.

**Part 6, Question 11 – Payments or Transfers Related to Bankruptcy**

On August 8, 2022, Richards, Layton & Finger, P.A. ("<u>RLF</u>") was retained to serve as counsel to New RL Holdings, LLC and its direct and indirect subsidiaries (collectively, the "<u>RL Entities</u>") in rendering legal advice in connection with the proposed restructuring of Old LW and certain of its subsidiaries.  In such capacity, RLF has provided legal support to the RL Entities relating to transactional, labor law, real estate, litigation support, restructuring and various other legal issues.  RLF has been compensated on an hourly basis with all payments being made pursuant to advance retainers and replenishments thereof, with (i) all retainer payments made prior to January 1, 2023 having been paid by Old LW and (ii) all retainer payments made on or after January 1, 2023 having been paid by New SPS (a non-debtor entity).  While the Debtor does not believe that payments made by New SPS are responsive to the information requested in Part 6/Question 11 of the Statement of Financial Affairs, in an abundance of caution the Debtor hereby discloses that the estimated amount of fees paid to RLF (from Old LW and New SPS) relating solely to bankruptcy preparation is $252,678.00.

On November 1, 2022, Getzler Henrich & Associates LLC ("<u>GH</u>") was retained to serve as Chief Restructuring Officer to the RL Entities in rendering restructuring advice in connection with the proposed restructuring of Old LW and certain of its subsidiaries.  GH has been compensated on an hourly basis with all payments first being made pursuant to an advance retainer and subsequent payments payable upon invoice.  Payments made to GH prior to January 1, 2023 were paid by Old LW and payments made on or after January 1, 2023 were paid by New SPS (a non-debtor entity).  Additionally, as part of GH's retention, GH reimburses Hilco Performance Solutions ("<u>HPS</u>") for services provided in support of GH's duties, and such services performed by HPS on behalf of GH are reimbursed by GH in the ordinary course of business.

While the Debtor does not believe that payments made by New SPS to GH are responsive to the information requested in Part 6/Question 11 of the Statement

of Financial Affairs, in an abundance of caution the Debtor hereby discloses that the estimated amount of fees paid to GH (from Old LW and New SPS) relating solely to bankruptcy preparation is $398,020.25.

**Part 6, Question 13 – Transfers Not Already Listed**

Pursuant to the New SPS Assumption and Assignment Agreement, certain assets, including the Assignors' accounts receivable (the "Accounts Receivable"), were transferred to New SPS upon the Effective Date (as defined in the New SPS Assumption and Assignment Agreement) as consideration under the New SPS Assignment Transaction. After the effective date of the New SPS Assignment Transaction, certain customers and vendors of the Debtor inadvertently made payments into the Debtor's accounts that should have been made into New SPS's accounts. Such inadvertent payments improperly made to the Debtor on account of the Accounts Receivable are estimated to be in the amount of $26.4 million in the aggregate and have been returned to New SPS, and are not property of the Debtor. Accordingly, such transfers are not reflected in the Part 6/Question 13 of the Statement.

**Part 9, Question 17 – Employees Participating in any ERISA, 401(k), 403(b), or Other Pension or Profit-Sharing Plan**

Within 6 years before filing this Chapter 7 Case, the Debtor provided employees the right to participate in a 401(k) plan (the "401(k) Plan"). The 401(k) Plan has not been terminated, but has been transferred to New SPS as part of the New SPS Assignment Transaction. As of the filing of this Chapter 7 Case, the Debtor is still in the process of transitioning the 401(k) Plan to New SPS for the benefit of employees that have transitioned to New SPS. Accordingly, the Debtor does not have an interest in the 401(k) Plan.

**Part 13, Question 30 - Payments, Distributions, or Withdrawals Credited to an Insider within 1 Year Preceding Commencement of this Case**

Please refer to the information presented in Question 4.

**Fill in this information to identify the case:**

Debtor name ___Old LW, LLC_____

United States Bankruptcy Court for the: _____ District of __DE___
(State)

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

---

### Part 1:    Income

1. **Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue Check all that apply | Gross revenue (before deductions and |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01/01/2023 MM / DD / YYYY | to Filing date | ☑ Operating a business ☐ Other _____ | $ 0 |
| **For prior year:** | From 01/01/2022 MM / DD / YYYY | to 12/31/2022 MM / DD / YYYY | ☑ Operating a business ☐ Other _____ | $ 180,040,773 |
| **For the year before that:** | From 01/01/2021 MM / DD / YYYY | to 12/31/2021 MM / DD / YYYY | ☑ Operating a business ☐ Other _____ | $ 226,469,835 |

2. **Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source (before deductions and |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From MM / DD / YYYY | to Filing date | _____ | $_____ |
| **For prior year:** | From MM / DD / YYYY | to MM / DD / YYYY | _____ | $_____ |
| **For the year before that:** | From MM / DD / YYYY | to MM / DD / YYYY | _____ | $_____ |

---

| Debtor | Old LW, LLC | Case number (if known) |
|---|---|---|
| | Name | |

## Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | **\*See Rider**<br>Creditor's name<br><br>Street<br><br>City          State     ZIP Code | _____ <br><br> _____ <br><br> _____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| 3.2. | Creditor's name<br><br>Street<br><br>City          State     ZIP Code | _____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

**4.  Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | SJC DLF III-Q, LLC<br>Insider's name<br>Street<br>1700 East Putnam Ave, Suite 207<br>Old Greenwich     CT     06870<br>City        State      ZIP Code<br><br>Relationship to debtor<br>Insider Beginning on 8/12/22 as Result of Equity Transfer | Various -<br>see schedule<br>attached to Rider<br><br>_____ | $_____ | Description on Rider<br>_____<br>_____ |
| 4.2. | New SPS, LLC<br>Insider's name<br>1804 W Central Road<br>Street<br>Mt. Prospect     IL     60056<br>City        State      ZIP Code<br><br>Relationship to debtor<br>Affiliate | 1/1/23<br><br>_____ | $_____ | Agreements Pursuant to Assumption and Assignment transaction described in Global Notes<br>_____<br>_____ |

Debtor   Old LW, LLC
_____    Case number (if known)_____
         Name

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | Creditor's name _____ Street _____ _____ City        State   ZIP Code | _____ _____ _____ _____ | _____ | $_____ |
| 5.2. | Creditor's name _____ Street _____ _____ City        State   ZIP Code | _____ _____ _____ _____ | _____ | $_____ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name _____ Street _____ City        State   ZIP Code | _____ _____ Last 4 digits of account number: XXXX– __ __ __ __ | _____ | $_____ |

---

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Old Dominion Freight Line Inc. v. Radienz Living, LLC  **Case number** 206819/22 | Contract Dispute | Supreme Court of the State of New York Name Suffolk County Street 1 Court St Riverhead, NY 11901 City        State   ZIP Code | ☐ Pending ☐ On appeal ☐ Concluded |
| 7.2. | Arma Container Corp. v. Radienz Living, LLC  **Case number** 600984/23 | Contract Dispute | **Court or agency's name and address** Supreme Court of the State of New York Name Suffolk County Street 1 Court St Riverhead, NY 11901 City        State   ZIP Code | ☐ Pending ☐ On appeal ☐ Concluded |

*See Rider for Add'l Litigation

Debtor    Old LW, LLC
_____     Case number (if known)_____
          Name

---

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☐ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| _____ Custodian's name | _____ | $_____ |
| _____ Street | **Case title** | **Court name and address** |
| _____ City          State          ZIP Code | _____ | _____ Name |
| | **Case number** | _____ Street |
| | _____ | _____ City          State          ZIP Code |
| | **Date of order or assignment** | |
| | _____ | |

---

## Part 4:    Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. _____ Recipient's name | _____ | _____ | $_____ |
| _____ Street | _____ | | |
| _____ City          State          ZIP Code | | | |
| **Recipient's relationship to debtor** _____ | | | |
| 9.2. _____ Recipient's name | _____ | _____ | $_____ |
| _____ Street | _____ | | |
| _____ City          State          ZIP Code | | | |
| **Recipient's relationship to debtor** _____ | | | |

---

## Part 5:    Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |

---

Debtor      Old LW, LLC
            _____      Case number (if known) _____
            Name

| Part 6: | Certain Payments or Transfers |
|---|---|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Richards, Layton & Finger, PA | _____ | | $_____ |
| | **Address** | _____ | | |
| | One Rodney Square | | | |
| | Street | | | |
| | 920 N King St | | | |
| | Wilmington, DE 19801 | | | |
| | City                State     ZIP Code | | | |
| | **Email or website address** | | | $_____ |
| | https://www.rlf.com/ | *See Global Notes | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | Getzler Henrich & Associates | _____ | 01/ | |
| | **Address** | _____ | | |
| | 295 Madison Ave. | | | |
| | Street | | | |
| | 20th Floor | | | |
| | New York, NY 10017 | | | |
| | City                State     ZIP Code | | | |
| | **Email or website address** | | | |
| | https://getzlerhenrich.com/ | *See Global Notes | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | | |
| _____ | _____ | | |
| _____ | _____ | | |

| Debtor | Old LW, LLC | Case number (if known) | |
|--------|-------------|------------------------|--|
| | Name | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|--|------------------------|-----------------------------------------------------------------------------------|------------------------|-----------------------|
| 13.1. | Awesome Products, Inc. | Assets of the Liquids business | 09/13/2022 | $ Unknown |
| | **Address** | | | |
| | 6201 Regio Avenue | | | |
| | Street | | | |
| | Buena Park, CA 90620 | | | |
| | City          State          ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | Buyer | | | |
| 13.2. | Who received transfer? | | 10/31/2022 | $ Unknown |
| | Guy & O'Neill, Inc. | Assets of the canister wipes business | | |
| | **Address** | | | |
| | 200 Industrial Drive | | | |
| | Street | | | |
| | Fredonia, WI 53021 | | | |
| | City          State          ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | Buyer | | | |

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy | |
|--|---------|--------------------|--|
| 14.1. | 445 Broad Hollow Rd | From 10/2020 | To 12/2022 |
| | Street | | |
| | Melville, NY 11747 | | |
| | City          State          ZIP Code | | |
| 14.2. | | From _____ | To _____ |
| | Street | | |
| | | | |
| | City          State          ZIP Code | | |

Debtor    Old LW, LLC
_____    Case number *(if known)*_____
        Name

---

| **Part 8:** | **Health Care Bankruptcies** |

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1. | _____<br>Facility name | _____<br>_____ | _____ |
| | _____<br>Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | _____<br>City        State        ZIP Code | _____<br>_____ | *Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.2. | _____<br>Facility name | _____<br>_____ | _____ |
| | _____<br>Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | _____<br>City        State        ZIP Code | _____<br>_____ | *Check all that apply:*<br>☐ Electronically<br>☐ Paper |

---

| **Part 9:** | **Personally Identifiable Information** |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

        Does the debtor have a privacy policy about that information?

        ☐ No

        ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

        ☐ No. Go to Part 10.

        ☑ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| New U.S. Nonwovens, LLC 401(k) Plan | EIN: __11__ – _3187548_ __ __ __ __ __ |

        Has the plan been terminated?

        ☑ No

        ☐ Yes

---

Debtor    Old LW, LLC
Name

Case number (if known)_____

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | HBSC Bank USA<br>Name<br>452 Fifth Avenue<br>Street<br><br>New York, NY 10018<br>City  State  ZIP Code | XXXX– 6433 ___ ___ | ☑ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | 04/14/2023 | $ 0 |
| 18.2. | HBSC Bank USA<br>Name<br>452 Fifth Avenue<br>Street<br><br>New York, NY 10018<br>City  State  ZIP Code | XXXX– 6895 ___ ___ | ☑ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | 04/14/2023 | $ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br><br>Street<br><br>City  State  ZIP Code | <br><br>Address | | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br><br>Street<br><br>City  State  ZIP Code | <br><br>Address | | ☐ No<br>☐ Yes |

Debtor     Old LW, LLC
           _____     Case number (if known)_____
           Name

---

**Part 11:     Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| _____ Name | _____ | _____ | |
| _____ Street | _____ | _____ | |
| _____ | | | |
| City          State          ZIP Code | | | |

---

**Part 12:     Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

■   *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

■   *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

■   *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | _____ Name | _____ | ☐ Pending |
| **Case number** | _____ Street | _____ | ☐ On appeal |
| _____ | _____ | | ☐ Concluded |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ Name | _____ Name | _____ | _____ |
| _____ Street | _____ Street | _____ | |
| _____ | _____ | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

Debtor  Old LW, LLC _____  Case number (*if known*)_____
        Name

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | _____ |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | U.S. Nonwovens, Inc.<br>Name<br>360 Moreland Rd.<br>Street<br><br>Commack NY 11725<br>City          State          ZIP Code | Manufacturing | EIN: 20 __ __ – __ 8504597 __ __ __ __ __ __<br>**Dates business existed**<br><br>From _____  To _____ |
| 25.2. | USN Export LLC<br>Name<br>360 Moreland Rd.<br>Street<br><br>Commack NY 11725<br>City          State          ZIP Code | Transportation | EIN: N/A __ __ – __ __ __ __ __ __ __ __ __<br>**Dates business existed**<br><br>From _____  To _____ |
| 25.3. | Old LW Shipper, LLC<br>Name<br>360 Moreland Rd.<br>Street<br><br>Commack NY 11725<br>City          State          ZIP Code | Transportation | EIN: 46 __ __ – __ 1181440 __ __ __ __ __ __<br>**Dates business existed**<br><br>From _____  To _____ |

Debtor   Old LW, LLC
_____   Case number (*if known*)_____
         Name

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| **26a.1.** Michael Perda<br>Name<br>360 Moreland Rd.<br>Street<br><br>Commack                    NY        11725<br>City                              State      ZIP Code | From _____   To _____ |

| Name and address | Dates of service |
|---|---|
| **26a.2.**<br>Name<br><br>Street<br><br><br>City                              State      ZIP Code | From _____   To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| **26b.1.** RSM US, LLP<br>Name<br>333 Thornall Street, 6th Floor<br>Street<br><br>Edison NJ 08837<br>City                              State      ZIP Code | From 03/2020   To Present |

| Name and address | Dates of service |
|---|---|
| **26b.2.**<br>Name<br><br>Street<br><br><br>City                              State      ZIP Code | From _____   To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1.**<br>Name<br><br>Street<br><br><br>City                              State      ZIP Code | _____<br>_____<br>_____ |

Debtor    Old LW, LLC_____    Case number (if known)_____
           Name

| Name and address | | | | If any books of account and records are unavailable, explain why |
|---|---|---|---|---|
| 26c.2. | | | | _____ |
| | Name | | | _____ |
| | Street | | | _____ |
| | City | State | ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address | | |
|---|---|---|
| 26d.1. | | |
| Name | | |
| Street | | |
| City | State | ZIP Code |

| Name and address | | |
|---|---|---|
| 26d.2. | | |
| Name | | |
| Street | | |
| City | State | ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. |
| Name |
| Street |
| City    State    ZIP Code |

Debtor    **Old LW, LLC**                                         Case number *(if known)*_____
         Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |
| **Name and address of the person who has possession of inventory records** | | |

27.2.
Name _____

Street _____

City _____ State _____ ZIP Code _____

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Ernesto Levy | 360 Moreland Rd, Commack NY 11725 | Chief Executive Officer | 0% |
| Michael Perda | 360 Moreland Rd, Commack NY 11725 | Chief Financial Officer | 0% |
| Rob Gorin | 360 Moreland Rd, Commack NY 11725 | Chief Restructuring Officer | 0% |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Chris Sliva | 360 Moreland Rd, Commack NY 11725 | Chief Executive Officer | From 04/2022 To 10/2022 |
| Kathy Russell | 360 Moreland Rd, Commack NY 11725 | Chief Human Resource Officer | From 03/2020 To 02/2023 |
| Terry Royer | 360 Moreland Rd, Commack NY 11725 | Chief Supply Chain Officer | From 01/2021 To 03/2023 |
| | | | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. **Chris Sliva** | $ 367,551 | 04/2022 - 10/2022 | Compensation |
| Name | | | |
| 360 Moreland Rd. | | *See Rider | |
| Street | | | |
| Commack NY 11725 | | _____ | |
| City          State          ZIP Code | | | |
| **Relationship to debtor** | | _____ | |
| Chief Executive Officer | | | |

Debtor   **Old LW, LLC**

Name _____

Case number (if known)_____

| | Name and address of recipient | | $ 525,435 | 04/2022 - 12/2022 | Compensation |
|---|---|---|---|---|---|
| 30.2 | **Ernesto Levy** | | | *See Rider | |
| | Name | | | | |
| | 360 Moreland Rd. | | | _____ | |
| | Street | | | | |
| | Commack NY 11725 | | | _____ | |
| | City | State | ZIP Code | | |
| | **Relationship to debtor** | | | _____ | |
| | Chief Executive Officer | | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Old LW Intermediate, LLC | EIN: ___ 88 _ 3623037 ___ ___ ___ ___ ___ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

| **Part 14:** | **Signature and Declaration** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/12/2023
              MM  / DD  / YYYY

✖ */s/ Robert Gorin*                          Printed name   Robert Gorin

Signature of individual signing on behalf of the debtor

Position or relationship to debtor   Chief Restructuring Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☐ No
☒ Yes

**Rider to SOFA Part 2, Question 3 - Transfers to Creditors 90 Days before Filing**

| Name & Address | Total Amount Paid | Payment Dates | Payment Amounts | Reason for Payments |
|---|---|---|---|---|
| 360 Moreland LLC<br>360 Moreland Rd<br>Commack, NY 11725 | 473,998.04 | 02/07/23<br>03/03/23 | 235,463.56<br>238,534.48 | Rent<br>Rent |
| Accord CapX LLC<br>800 W Fulton St<br>Suite 725<br>Chicago, IL 60607 | 454,346.26 | 02/03/23<br>02/15/23<br>03/01/23<br>03/15/23 | 188,622.70<br>47,321.18<br>166,279.20<br>52,123.18 | Equipment Lease<br>Equipment Lease<br>Equipment Lease<br>Equipment Lease |
| Alexander, Winston & Associates Inc<br>8570 Utica Ave<br>Suite 200<br>Rancho Cucamonga, CA 91730 | 28,968.19 | 03/24/23 | 28,968.19 | Debt Collection |
| Berberian & Associates Inc<br>P.O. Box 729<br>North Andover, MA 01845 | 8,894.36 | 03/02/23 | 8,894.36 | Sales Broker |
| Brent LLC<br>19 Split Rock Drive<br>Great Neck, NY 11024 | 15,400.00 | 02/07/23 | 15,400.00 | Rent |
| Gilsam LLC<br>17 Barstow Rd<br>Suite 405<br>Great Neck, NY 11021 | 28,400.00 | 02/07/23 | 28,400.00 | Rent |
| GPS Capital Markets, LLC<br>10813 South River Front Pkwy<br>Suite 400<br>South Jordan, UT 84095 | 280.36 | 2/14/2023 | 280.36 | Currency Exchange |

| | | | | |
|---|---|---|---|---|
| HSBC | 13,599.99 | 02/17/23 | 4,484.97 | Monthly Bank Fee |
| 5343 Broad Hollow Rd | | 03/17/23 | 4,792.43 | Monthly Bank Fee |
| Melville, NY 11747 | | 04/17/23 | 4,322.59 | Monthly Bank Fee |
| Kentucky State Treasurer<br>1050 US Highway 127 S<br>Suite 100<br>Frankfort, KY 40601 | 175.00 | 03/17/23 | 175.00 | Tax |
| New SPS, LLC<br>1800 E. Central Rd<br>Mt. Prospect, IL 60056 | 12,829,297.37 | 02/06/23 | 3,000,000.00 | Transfer |
| | | 02/14/23 | 3,200,000.00 | Transfer |
| | | 02/23/23 | 2,500,000.00 | Transfer |
| | | 02/28/23 | 1,000,000.00 | Transfer |
| | | 03/07/23 | 1,800,000.00 | Transfer |
| | | 03/20/23 | 700,000.00 | Transfer |
| | | 03/31/23 | 175,000.00 | Transfer |
| | | 04/13/23 | 215,000.00 | Transfer |
| | | 04/14/23 | 157,535.63 | Transfer |
| | | 04/17/23 | 12,891.88 | Transfer |
| | | 04/18/23 | 68,869.86 | Transfer |
| NYS Department of Taxation<br>and Finance<br>P.O. Box 5045<br>Albany, NY 12205 | 6,000.00 | 03/16/23 | 6,000.00 | Tax |
| Old LW Shipper LLC<br>110 Emjay Blvd<br>Brentwood, NY 11717 | 35,000.00 | 02/14/23 | 20,000.00 | Transfer |
| | | 04/05/23 | 15,000.00 | Transfer |
| Orics Industries Inc<br>240 Smith St<br>Farmingdale, NY 11735 | 86,346.00 | 02/14/23 | 86,346.00 | Maintenance |
| Pan-American Life Insurance<br>Group<br>1778 North Plano Rd. Suite 310<br>Richardson, TX 75081 | 3,097.81 | 03/13/23 | 1,260.11 | Benefits |
| | | 04/13/23 | 1,837.70 | Benefits |
| People's<br>Address Unknown | 24,194.66 | 02/01/23 | 12,097.33 | Equipment Lease |
| | | 03/01/23 | 12,097.33 | Equipment Lease |

| | | | | |
|---|---|---|---|---|
| PMA Companies Inc | 127,679.91 | 02/02/23 | 47,691.54 | Business Insurance |
| P.O. Box 824857 | | 03/02/23 | 71,679.35 | Business Insurance |
| Philadelphia, PA 19182-4857 | | 04/04/23 | 8,309.02 | Business Insurance |
| Shell Chemical LP | 298,950.64 | 02/03/23 | 145,465.01 | Raw Material |
| P.O. Box 915020 | | 02/06/23 | 153,485.63 | Raw Material |
| Dallas, TX 75391 | | | | |
| Southeast Regulatory | 15,934.00 | 03/16/23 | 15,934.00 | Government |
| 1329 Burdett Rd | | | | |
| Grandview, TN 37337 | | | | |
| Thomas Landscape Management LLC | 7,989.50 | 03/02/23 | 7,989.50 | Maintenance |
| 879 Exeter Ave | | | | |
| Exeter, PA 18643-1212 | | | | |
| UGI Penn Natural Gas Inc | 54,290.41 | 02/09/23 | 44,932.82 | Utility |
| P.O. Box 15503 | | 03/02/23 | 9,357.59 | Utility |
| Wilmington, DE 19886-5503 | | | | |
| U.S. Customs and Border Patrol | 54,363.92 | 02/01/23 | 9,452.13 | Customs |
| 1945 S Banner Ave | | 02/02/23 | 692.21 | Customs |
| Indianapolis, IN 46241 | | 02/06/23 | 1,163.89 | Customs |
| | | 02/17/23 | 1,630.95 | Customs |
| | | 02/21/23 | 301.06 | Customs |
| | | 02/22/23 | 1,360.81 | Customs |
| | | 02/23/23 | 4,187.78 | Customs |
| | | 03/01/23 | 9,996.71 | Customs |
| | | 03/03/23 | 747.97 | Customs |
| | | 03/07/23 | 717.83 | Customs |
| | | 03/08/23 | 1,109.85 | Customs |
| | | 03/09/23 | 431.00 | Customs |
| | | 03/15/23 | 1,727.82 | Customs |
| | | 03/20/23 | 281.23 | Customs |
| | | 03/21/23 | 297.64 | Customs |
| | | 03/22/23 | 5,998.98 | Customs |
| | | 03/24/23 | 170.32 | Customs |
| | | 03/27/23 | 2,864.08 | Customs |
| | | 04/03/23 | 3,187.80 | Customs |

| | | 04/07/23 | 214.55 | Customs |
|---|---|---|---|---|
| | | 04/10/23 | 3,006.38 | Customs |
| | | 04/21/23 | 4,572.87 | Customs |
| | | 04/24/23 | 250.06 | Customs |
| Veriship | 4,701.03 | 02/01/23 | 1,473.71 | Freight |
| 10000 College Blvd | | 02/15/23 | 594.01 | Freight |
| Suite 235 | | 03/01/23 | 2,275.54 | Freight |
| Overland Park, KS 66210 | | 03/15/23 | 357.77 | Freight |
| VLS Recovery Services LLC | 35,971.10 | 03/02/23 | 35,971.10 | Utility |
| 1076 Old Manheim Pike | | | | |
| Lancaster, PA 17601 | | | | |
| Waste Management Of | | | | |
| Pennsylvania Inc | 41,262.30 | 03/02/23 | 41,262.30 | Utility |
| 1001 Fannin Ste 4000 | | | | |
| Houston, TX 77002-6711 | | | | |
| Wex | 8,691.85 | 02/01/23 | 940.95 | Benefits |
| P.O. Box 2926 | | 02/09/23 | 1,067.88 | Benefits |
| Fargo, ND 58108 | | 02/10/23 | 60.00 | Benefits |
| | | 02/16/23 | 565.97 | Benefits |
| | | 02/22/23 | 1,265.50 | Benefits |
| | | 02/23/23 | 143.40 | Benefits |
| | | 02/24/23 | 328.65 | Benefits |
| | | 03/01/23 | 50.00 | Benefits |
| | | 03/02/23 | 207.40 | Benefits |
| | | 03/03/23 | 291.92 | Benefits |
| | | 03/09/23 | 1,432.28 | Benefits |
| | | 03/10/23 | 84.00 | Benefits |
| | | 03/16/23 | 342.31 | Benefits |
| | | 03/22/23 | 1,235.53 | Benefits |
| | | 03/24/23 | 358.75 | Benefits |
| | | 03/28/23 | 10.00 | Benefits |
| | | 04/13/23 | 307.31 | Benefits |

| Rider to SOFA Part 2, Question 4 - Transfers to Insiders Within 1 Year Before Filing | | | | |
|---|---|---|---|---|
| | Insider's Name; Address; Relationship to Debtor | Date of Transfer | Total Amount or Value | Reasons for Payment or Transfer |
| 4.3 | New SPS POD, LLC; 1804 W. Central Road, Mt. Prospect, IL 60056; Affiliate | Various | Unknown | Assets and liabilities related to the unit close business |
| 4.4 | New SPS Crossfolds, LLC; 360 Moreland Road, Commack, NY 11725; Affiliate | 1/1/2023 | Unknown | Assets, including logistics assets, related to the wipes business |

| Schedule of Payments to SJC DLF III-Q, LLC - Supplement to Part 2, 4.1 | | |
|---|---|---|
| | | |
| Date | Amount | Description |
| 8/31/2022 | 74,224.72 | Revolver Interest Receipt |
| 9/13/2022 | 4,590,575.90 | Paydown of DDTL |
| 10/3/2022 | 25,000.00 | Admin Fee Receipt |
| 10/31/2022 | 3,674,000.00 | Revolver Paydown |
| 11/10/2022 | 203,669.06 | Expense Reimbursement |

| | Case Title | Nature of Case | Court or Agency Name and Address | Status of Case |
|---|---|---|---|---|
| | | | **Rider to SOFA Part 3, Question 7 - Legal Matters** | |
| 7.3 | Adam Michael Thompson v. Radienz Living, LLC | Employment Discrimination | U.S. Equal Employment Opportunity Commission, 131 M Street, NE, Washington, D.C. 20507 | Pending |
| 7.4 | Arlene Wyant v. Dude Products, Inc. | Liability Dispute | United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street Chicago, IL 60604 | Pending |
| 7.5 | Bradley v. Topco | Liability Dispute | | Pending |
| 7.6 | City of Charleston v. Costco Wholesale Corp. | Liability Dispute | United States District Court for the District of South Carolina, 85 Broad St, Charleston, SC 29401 | Pending |
| 7.7 | 445 Melville LLC v. New U.S. Nonwovens, LLC | Lease Dispute | Suffolk County 3rd District Court, 1850 New York Avenue, Huntington Street, NY 11746 | Pending |
| 7.8 | JoySuds LLC v. U.S. Nonwovens, LLC | Contract Dispute | New York County Supreme Court, 60 Centre Street, New York, NY 1007 | Pending |
| 7.9 | Altium Packaging LP v. Radienz Living, LLC and Old LW, LLC | Contract Dispute | Georgia Business Court, 330 Capitol Avenue, SE, Suite 3500, Atlanta, GA 30334 | Pending |
| 7.10 | Awesome Products, Inc. v. Sandback Comm., LLC | Contract Dispute | US District Court for the Eastern District of Kentucky, 101 Barr Street, Lexington, KY 40507 | Pending |
| 7.11 | Incentis Group, LLC vs. Radienz Living, LLC and Radienz Living, LLC f/k/a U.S. Nonwovens Corp. | Contract Dispute | Court of Common Pleas of Luzerne County | Pending |

| Rider to SOFA Part 13, Question 30 | | | | |
|---|---|---|---|---|
| **Name & Address** | **Total Amount Paid** | **Payment Dates** | **Payment Amounts** | **Reason for Payments** |
| | | | | |
| Chris Sliva | $      367,551 | 4/1/2022 | $          - | Compensation |
| 360 Moreland Rd. | | 4/8/2022 | 11,856 | Compensation |
| Commack NY 11725 | | 4/15/2022 | 11,856 | Compensation |
| | | 4/22/2022 | 11,856 | Compensation |
| | | 4/29/2022 | 11,856 | Compensation |
| | | 4/30/2022 | 3,472 | Amex Reimbursement |
| | | 5/6/2022 | 11,856 | Compensation |
| | | 5/13/2022 | 11,856 | Compensation |
| | | 5/20/2022 | 11,856 | Compensation |
| | | 5/27/2022 | 11,856 | Compensation |
| | | 5/29/2022 | 2,224 | Amex Reimbursement |
| | | 6/3/2022 | 11,856 | Compensation |
| | | 6/10/2022 | 11,856 | Compensation |
| | | 6/17/2022 | 11,856 | Compensation |
| | | 6/24/2022 | 11,856 | Compensation |
| | | 6/28/2022 | 2,063 | Amex Reimbursement |
| | | 7/1/2022 | 11,856 | Compensation |
| | | 7/8/2022 | 11,856 | Compensation |
| | | 7/15/2022 | 11,856 | Compensation |
| | | 7/22/2022 | 11,856 | Compensation |
| | | 7/29/2022 | 11,856 | Compensation |
| | | 7/28/2022 | 2,041 | Amex Reimbursement |
| | | 8/5/2022 | 11,856 | Compensation |
| | | 8/12/2022 | 11,856 | Compensation |
| | | 8/19/2022 | 11,856 | Compensation |
| | | 8/26/2022 | 11,856 | Compensation |
| | | 8/28/2022 | 477 | Amex Reimbursement |
| | | 9/2/2022 | 11,856 | Compensation |
| | | 9/9/2022 | 11,856 | Compensation |
| | | 9/16/2022 | 11,856 | Compensation |
| | | 9/23/2022 | 11,856 | Compensation |
| | | 9/30/2022 | 11,856 | Compensation |
| | | 9/28/2022 | 1,160 | Amex Reimbursement |
| | | 10/7/2022 | 11,856 | Compensation |
| | | 10/14/2022 | 11,856 | Compensation |
| | | 10/21/2022 | 11,856 | Compensation |
| | | 10/28/2022 | 11,856 | Compensation |
| | | 10/28/2022 | 486 | Amex Reimbursement |
| | | 11/28/2022 | (55) | Amex Reimbursement |
| | | | | |
| | | | | |
| Ernesto Levy | $      525,435 | 4/1/2022 | $          - | Compensation |
| 360 Moreland Rd. | | 4/8/2022 | 13,112 | Compensation |
| Commack NY 11725 | | 4/15/2022 | 13,112 | Compensation |

| | | | | |
|---|---|---|---|---|
| | | 4/22/2022 | 13,112 | Compensation |
| | | 4/29/2022 | 13,112 | Compensation |
| | | 4/30/2022 | 3,931 | Amex Reimbursement |
| | | 5/6/2022 | 13,112 | Compensation |
| | | 5/13/2022 | 13,112 | Compensation |
| | | 5/20/2022 | 13,112 | Compensation |
| | | 5/27/2022 | 13,112 | Compensation |
| | | 5/29/2022 | 3,366 | Amex Reimbursement |
| | | 6/3/2022 | 13,112 | Compensation |
| | | 6/10/2022 | 13,112 | Compensation |
| | | 6/17/2022 | 13,112 | Compensation |
| | | 6/24/2022 | 13,112 | Compensation |
| | | 6/28/2022 | 1,305 | Amex Reimbursement |
| | | 7/1/2022 | 13,112 | Compensation |
| | | 7/8/2022 | 13,112 | Compensation |
| | | 7/15/2022 | 13,112 | Compensation |
| | | 7/22/2022 | 13,112 | Compensation |
| | | 7/29/2022 | 13,112 | Compensation |
| | | 7/28/2022 | 2,318 | Amex Reimbursement |
| | | 8/5/2022 | 13,112 | Compensation |
| | | 8/12/2022 | 13,112 | Compensation |
| | | 8/19/2022 | 13,112 | Compensation |
| | | 8/26/2022 | 13,112 | Compensation |
| | | 8/28/2022 | 3,555 | Amex Reimbursement |
| | | 9/2/2022 | 13,112 | Compensation |
| | | 9/9/2022 | 13,112 | Compensation |
| | | 9/16/2022 | 13,112 | Compensation |
| | | 9/23/2022 | 13,112 | Compensation |
| | | 9/30/2022 | 13,112 | Compensation |
| | | 9/28/2022 | 4,670 | Amex Reimbursement |
| | | 10/7/2022 | 13,112 | Compensation |
| | | 10/14/2022 | 13,112 | Compensation |
| | | 10/21/2022 | 13,112 | Compensation |
| | | 10/28/2022 | 13,112 | Compensation |
| | | 10/28/2022 | 3,464 | Amex Reimbursement |
| | | 11/4/2022 | 13,112 | Compensation |
| | | 11/11/2022 | 11,025 | Compensation |
| | | 11/18/2022 | 11,025 | Compensation |
| | | 11/25/2022 | 11,025 | Compensation |
| | | 11/28/2022 | 4,924 | Amex Reimbursement |
| | | 12/2/2022 | 11,025 | Compensation |
| | | 12/9/2022 | 11,025 | Compensation |
| | | 12/16/2022 | 11,025 | Compensation |
| | | 12/23/2022 | 11,025 | Compensation |
| | | 12/28/2022 | 3,246 | Amex Reimbursement |
| | | 12/30/2022 | 11,025 | Compensation |
| | | | | |
| | | | | |
| Mike Perda | $      490,815 | 4/1/2022 | $       - | Compensation |
| 360 Moreland Rd. | | 4/8/2022 | 12,585 | Compensation |

| | | | | |
|---|---|---|---|---|
| Commack NY 11725 | | 4/15/2022 | 12,585 | Compensation |
| | | 4/22/2022 | 12,585 | Compensation |
| | | 4/29/2022 | 12,585 | Compensation |
| | | 5/6/2022 | 12,585 | Compensation |
| | | 5/13/2022 | 12,585 | Compensation |
| | | 5/20/2022 | 12,585 | Compensation |
| | | 5/27/2022 | 12,585 | Compensation |
| | | 6/3/2022 | 12,585 | Compensation |
| | | 6/10/2022 | 12,585 | Compensation |
| | | 6/17/2022 | 12,585 | Compensation |
| | | 6/24/2022 | 12,585 | Compensation |
| | | 7/1/2022 | 12,585 | Compensation |
| | | 7/8/2022 | 12,585 | Compensation |
| | | 7/15/2022 | 12,585 | Compensation |
| | | 7/22/2022 | 12,585 | Compensation |
| | | 7/29/2022 | 12,585 | Compensation |
| | | 8/5/2022 | 12,585 | Compensation |
| | | 8/12/2022 | 12,585 | Compensation |
| | | 8/19/2022 | 12,585 | Compensation |
| | | 8/26/2022 | 12,585 | Compensation |
| | | 9/2/2022 | 12,585 | Compensation |
| | | 9/9/2022 | 12,585 | Compensation |
| | | 9/16/2022 | 12,585 | Compensation |
| | | 9/23/2022 | 12,585 | Compensation |
| | | 9/30/2022 | 12,585 | Compensation |
| | | 10/7/2022 | 12,585 | Compensation |
| | | 10/14/2022 | 12,585 | Compensation |
| | | 10/21/2022 | 12,585 | Compensation |
| | | 10/28/2022 | 12,585 | Compensation |
| | | 11/4/2022 | 12,585 | Compensation |
| | | 11/11/2022 | 12,585 | Compensation |
| | | 11/18/2022 | 12,585 | Compensation |
| | | 11/25/2022 | 12,585 | Compensation |
| | | 12/2/2022 | 12,585 | Compensation |
| | | 12/9/2022 | 12,585 | Compensation |
| | | 12/16/2022 | 12,585 | Compensation |
| | | 12/23/2022 | 12,585 | Compensation |
| | | 12/30/2022 | 12,585 | Compensation |
| | | | | |
| | | | | |
| Terry Royer | $      558,281 | 4/1/2022 | $      - | Compensation |
| 360 Moreland Rd. | | 4/8/2022 | 12,992 | Compensation |
| Commack NY 11725 | | 4/15/2022 | 12,992 | Compensation |
| | | 4/22/2022 | 12,992 | Compensation |
| | | 4/29/2022 | 12,992 | Compensation |
| | | 4/30/2022 | 11,919 | Amex Reimbursement |
| | | 5/6/2022 | 12,992 | Compensation |
| | | 5/13/2022 | 12,992 | Compensation |
| | | 5/20/2022 | 12,992 | Compensation |
| | | 5/27/2022 | 12,992 | Compensation |

| | | | | |
|---|---|---|---|---|
| | | 5/29/2022 | 9,334 | Amex Reimbursement |
| | | 6/3/2022 | 12,992 | Compensation |
| | | 6/10/2022 | 12,992 | Compensation |
| | | 6/17/2022 | 12,992 | Compensation |
| | | 6/24/2022 | 12,992 | Compensation |
| | | 6/28/2022 | 4,833 | Amex Reimbursement |
| | | 7/1/2022 | 12,992 | Compensation |
| | | 7/8/2022 | 12,992 | Compensation |
| | | 7/15/2022 | 12,992 | Compensation |
| | | 7/22/2022 | 12,992 | Compensation |
| | | 7/29/2022 | 12,992 | Compensation |
| | | 7/28/2022 | 6,241 | Amex Reimbursement |
| | | 8/5/2022 | 12,992 | Compensation |
| | | 8/12/2022 | 12,992 | Compensation |
| | | 8/19/2022 | 12,992 | Compensation |
| | | 8/26/2022 | 12,992 | Compensation |
| | | 8/28/2022 | 6,649 | Amex Reimbursement |
| | | 9/2/2022 | 12,992 | Compensation |
| | | 9/9/2022 | 12,992 | Compensation |
| | | 9/16/2022 | 12,992 | Compensation |
| | | 9/23/2022 | 12,992 | Compensation |
| | | 9/30/2022 | 12,992 | Compensation |
| | | 9/28/2022 | 6,926 | Amex Reimbursement |
| | | 10/7/2022 | 12,992 | Compensation |
| | | 10/14/2022 | 12,992 | Compensation |
| | | 10/21/2022 | 12,992 | Compensation |
| | | 10/28/2022 | 12,992 | Compensation |
| | | 10/28/2022 | 4,530 | Amex Reimbursement |
| | | 11/4/2022 | 12,992 | Compensation |
| | | 11/11/2022 | 12,992 | Compensation |
| | | 11/18/2022 | 12,992 | Compensation |
| | | 11/25/2022 | 12,992 | Compensation |
| | | 11/28/2022 | 1,169 | Amex Reimbursement |
| | | 12/2/2022 | 12,992 | Compensation |
| | | 12/9/2022 | 12,992 | Compensation |
| | | 12/16/2022 | 12,992 | Compensation |
| | | 12/23/2022 | 12,992 | Compensation |
| | | 12/30/2022 | 12,992 | Compensation |
| | | | | |
| | | | | |
| Kathy Russell | $ 381,340 | 4/1/2022 | $ - | Compensation |
| 360 Moreland Rd. | | 4/8/2022 | 9,705 | Compensation |
| Commack NY 11725 | | 4/15/2022 | 9,705 | Compensation |
| | | 4/22/2022 | 9,705 | Compensation |
| | | 4/29/2022 | 9,705 | Compensation |
| | | 5/6/2022 | 9,705 | Compensation |
| | | 5/13/2022 | 9,705 | Compensation |
| | | 5/20/2022 | 9,705 | Compensation |
| | | 5/27/2022 | 9,705 | Compensation |
| | | 5/29/2022 | 807 | Amex Reimbursement |

| | | | | |
|---|---|---|---|---|
| | | 6/3/2022 | 9,705 | Compensation |
| | | 6/10/2022 | 9,705 | Compensation |
| | | 6/17/2022 | 9,705 | Compensation |
| | | 6/24/2022 | 9,705 | Compensation |
| | | 7/1/2022 | 9,705 | Compensation |
| | | 7/8/2022 | 9,705 | Compensation |
| | | 7/15/2022 | 9,705 | Compensation |
| | | 7/22/2022 | 9,705 | Compensation |
| | | 7/29/2022 | 9,705 | Compensation |
| | | 7/28/2022 | 1,031 | Amex Reimbursement |
| | | 8/5/2022 | 9,705 | Compensation |
| | | 8/12/2022 | 9,705 | Compensation |
| | | 8/19/2022 | 9,705 | Compensation |
| | | 8/26/2022 | 9,705 | Compensation |
| | | 8/28/2022 | 993 | Amex Reimbursement |
| | | 9/2/2022 | 9,705 | Compensation |
| | | 9/9/2022 | 9,705 | Compensation |
| | | 9/16/2022 | 9,705 | Compensation |
| | | 9/23/2022 | 9,705 | Compensation |
| | | 9/30/2022 | 9,705 | Compensation |
| | | 10/7/2022 | 9,705 | Compensation |
| | | 10/14/2022 | 9,705 | Compensation |
| | | 10/21/2022 | 9,705 | Compensation |
| | | 10/28/2022 | 9,705 | Compensation |
| | | 10/28/2022 | 31 | Amex Reimbursement |
| | | 11/4/2022 | 9,705 | Compensation |
| | | 11/11/2022 | 9,705 | Compensation |
| | | 11/18/2022 | 9,705 | Compensation |
| | | 11/25/2022 | 9,705 | Compensation |
| | | 12/2/2022 | 9,705 | Compensation |
| | | 12/9/2022 | 9,705 | Compensation |
| | | 12/16/2022 | 9,705 | Compensation |
| | | 12/23/2022 | 9,705 | Compensation |
| | | 12/30/2022 | 9,705 | Compensation |
| | | | | |
| | | | | |
| Alex Green | $ 300,000 | 8/5/2022 | $ - | Compensation |
| 360 Moreland Rd. | | 8/12/2022 | 14,286 | Compensation |
| Commack NY 11725 | | 8/19/2022 | 14,286 | Compensation |
| | | 8/26/2022 | 14,286 | Compensation |
| | | 9/2/2022 | 14,286 | Compensation |
| | | 9/9/2022 | 14,286 | Compensation |
| | | 9/16/2022 | 14,286 | Compensation |
| | | 9/23/2022 | 14,286 | Compensation |
| | | 9/30/2022 | 14,286 | Compensation |
| | | 10/7/2022 | 14,286 | Compensation |
| | | 10/14/2022 | 14,286 | Compensation |
| | | 10/21/2022 | 14,286 | Compensation |
| | | 10/28/2022 | 14,286 | Compensation |
| | | 11/4/2022 | 14,286 | Compensation |

| | | | | |
|---|---|---|---|---|
| | | 11/11/2022 | 14,286 | Compensation |
| | | 11/18/2022 | 14,286 | Compensation |
| | | 11/25/2022 | 14,286 | Compensation |
| | | 12/2/2022 | 14,286 | Compensation |
| | | 12/9/2022 | 14,286 | Compensation |
| | | 12/16/2022 | 14,286 | Compensation |
| | | 12/23/2022 | 14,286 | Compensation |
| | | 12/30/2022 | 14,286 | Compensation |